UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**

      Plaintiff,

v.

**COREY JAMES CRIBBS II**

      Defendant.
_____/

Docket No. 1:18:CR:60-01

HON. GORDON J. QUIST
United States District Judge

**Assistant U.S. Attorney**
Mark V. Courtade
330 Ionia Ave., NW
Grand Rapids, MI 49501-0208
(616) 456-2404
tessa.hessmiller@usdoj.gov

**Defense Counsel**
Donald L. Sappanos (P43542)
1595 W Centre Ave., Ste. 100
Portage, MI 49024
(269) 375-7713
sappanoslaw@sbcglobal.net

## DEFENDANT'S SENTENCING MOMORANDUM AND REQUESTDOWNWARD VARIANCE

This memorandum sets forth mitigating factors and circumstances relevant to the purposes of sentencing under 18 U.S.C. §3553(a), mindful of the mandate that the sentence, "shall be sufficient, but not greater than necessary" to achieve individual accountability and just punishment. *United States v. Thompson*, 515 F.3d 556, 560 (6th Cir. 2008). Fundamentally, Mr. Cribb's arguments in mitigation of sentence are not meant to depreciate the seriousness of the instant offense. This Honorable Court has the authority to impose a sentence below the guideline range, if it determines it to be appropriate. The guidelines should be the starting point and not the only consideration. *Rita v. Unites States*, 551 U.S. 338 (2007). Since the Supreme Court released the District Courts from the mandatory sentencing guidelines in *United States v. Booker*, 543 U.S. 220 (2005) it is essential that District Courts make an "individualized assessment based

1

on the facts presented." *Gall v. Unites States*, 552 U.S. 38, 50 (2007). The Supreme Court has said that the District Court is in a superior position to find facts and judge their import under § 3553(a) in the individual case. *Id.* This means that the sentencing judge has access to, and greater familiarity with the individual case and the individual defendant before him than the Sentencing Commission or the appeals court. *Rita* at 357-58.

The Government's Sentencing makes reference to Mr. Cribbs failing to make an objection to the Firearm enhancement, however, that objection is clearly stated in the objections that Mr. Cribbs filed.

Mr. Cribbs disagrees with the probation officer and the Government's position that he was a leader in this offense. At most, Mr. Cribbs was an investor in the scheme, but not a leader. The probation officer's and Government's recitation of the facts that make up this offense show that Mr. Cribbs' conduct and behavior was his investment and him protecting his investment. The Government's own PSI even concedes that it was Mr. Moore's connections that were used to purchase the methamphetamine. Mr. Cribbs provided the investment, Mr. Moore used this investment to set up the actual meeting and purchase from his connections and his supplier. Working with two others, Otis Ross and Jalen Moore to locate drivers in New Mexico does not rise to the level of leadership. As pointed out in *United States v. Solorio*, a defendant is not a leader but rather a manager or supervisor where he "exercised some degree of control over others involved in the commission of the offense or had been responsible for organizing others for the purpose of carrying out the crime." While Mr. Cribbs was clearly involved in this criminal activity, his conduct does not rise to the level of leader.

Mr. Cribbs disagrees with the probation officer's finding that he has failed to accept responsibility in this case. While it is true there have been altercations at the jail awaiting

sentencing, jail is a place where altercations are common. There is no indication that Mr. Cribbs has indicated that he should not be in jail or has been wrongfully imprisoned, but rather most of the instances have been confrontations with other inmates. Further, in accepting responsibility and entering a plea of guilty, Mr. Cribbs has complied with the terms of his plea agreement.

Both Mr. Cribbs and AUSA Courtade agree that Paragraph 42 is irrelevant and should be stricken from the PSI.

As indicated above, the guidelines in this case are only advisory. While Mr. Cribbs legal history is not minimal, he has only been to prison one time before. All the rest of his time in jail has been served at the county jail with sentences of 12 months or less, with multiple convictions being for misdemeanors or driving/license offenses.

### DOWNWARD VARIANCE: Factors Pursuant to 18 U.S.C. § 3553(a)

Even if the District Court were to conclude a traditional downward departure based on a certain mitigating factor was not appropriate, it may nevertheless consider the same factor under 3553(a) and reach a sentence that represents a downward variance. U.S. v. McBride, 434 R.3d 470, 476 (6th Cir. 2006).

#### Character and History of the Defendant:

The Government points out in its own PSI that Mr. Cribbs has redeeming qualities. While Mr. Cribbs has prior felony charges, as indicated above, he has only been to prison one time and has spent all his other terms of incarceration at the county jail level.

#### Any Pertinent Policy Statement:

Although the First Step Act does not expressly impact the sentencing guideline range, it does impact the mandatory minimum sentence to be imposed for different crime groups. And while Mr. Cribbs was initially looking at a possible life offense which was reduced not only once

3

but twice by the First Step Act to a ten-year mandatory minimum sentence, it seems persuasive that Congress's intent was to reduce the amount of incarceration time for these types of offenders committing these kinds of offenses.

### Totality of the § 3533(a) Factors

Per *United States v. Arreclucea-Zamudio*, 581 F.3d 142 (3d Cir. 2009), a sentencing judge has the discretion to consider a variance under the totality0 of the factors rather than one factor in isolation.

### Conclusion

Sentencing courts are, of course, charged with the responsibility of treating those that come before them as individuals. *See Koon v. United States*, 518 U.S. 81, 113 (1996) ("It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue.") Courts are charged by Congress, as well, to impose a sentence that is sufficient, but not greater than necessary to fulfill the goals of sentencing established by Congress. 18 U.S.C. § 3553(a). Mr. Cribbs respectfully requests that this Court follow that tradition and impose a sentence significantly below the advisory guideline range.

Respectfully Submitted,

Dated: March 5, 2019

Donald L. Sappanos (P43542)
Attorney for Defendant