UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

          Plaintiff,

                                        Case No. 1:18-CR-60-01

v.                                              HON. GORDON J. QUIST

COREY JAMES CRIBBS, II,

          Defendant.

_____/

## <u>ORDER DENYING MOTION TO REDUCE SENTENCE</u>

On March 12, 2019, this Court sentenced Defendant, Corey Cribbs, to 300 months incarceration for his part in a conspiracy with intent to distribute more than 50 grams of methamphetamine. (ECF No. 193.)  Cribbs has filed a Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 250.)  For the reasons stated below, Cribbs' motion is denied.

As a general rule, absent a statutory exception, a district court cannot change a sentence once it is entered.  *United States v. Ruffin*, No. 20-5748, slip op. at 4 (6th Cir. 2020).  The First Step Act amended § 3582(c)(1)(A) to allow defendants to file motions to reduce their sentences or obtain compassionate release under certain circumstances. To obtain a compassionate release, the Court must examine the following factors: (1) extraordinary and compelling reasons; (2) applicable policy statements issued by the Sentencing Commission; and (3) the factors set forth in 18 U.S.C. § 3553(a).  18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's policy statement regarding § 3582(c)(1)(A)(i) is set forth at Guidelines section 1B1.13.  The commentary defines "extraordinary and compelling reason" through four categories: (1) medical condition of the defendant; (2) age of the defendant; (3) family circumstances; and (4) other reasons "[a]s

determined by the Director of the Bureau of Prisons[.]"   U.S.S.G. § 1B1.13 cmt. n.1.  The Sixth Circuit has acknowledged that courts are "sharply divided" on whether a district court may find additional extraordinary and compelling reasons other than the reasons listed in the commentary. *Ruffin*, slip op. at 9.  However, the Sixth Circuit has not decided the issue.  *Id.* at 11.

Cribbs argues that his sentence was "fundamentally unfair" and "excessively harsh."  He states: "In December of 2018 the 1st Step Act went into effect and my prior drug felonies could no longer be used in my case so the mandatory sentence of 20 years was dropped by law to a mandatory 10 year, but my Guidelines never changed & the prior drug cases w[ere] used to calculate my guidelines[.]" (ECF No. 250 at PageID.1825.)  Cribbs' attorney made a similar argument at sentencing. (ECF No. 230 at PageID.1696.)  Cribbs further states that he is remorseful for his crimes and has made positive life changes while in prison, such as completing programs and helping other inmates.

The Court finds that Cribbs has not shown an extraordinary and compelling reason to justify a sentence reduction. Cribbs' arguments do not fall within the "extraordinary and compelling reasons" listed in U.S.S.G. § 1B1.13 cmt. n.1. And although some courts have held that the district court can find additional extraordinary and compelling reasons other than those listed in the commentary and that a lengthy prison sentence can be an extraordinary and compelling reason, those cases have generally involved lengthy mandatory minimums and the "stacking" provision in 18 U.S.C § 924(c). *See, e.g.*, *United States v Moore*, — F. Supp. 3d — , 2020 WL 4926601 (M.D. Tenn. Aug. 21, 2020) (stacking convictions resulted in a mandatory minimum of 75 years); *United States v. Young*, 458 F. Supp. 3d 838 (M.D. Tenn. 2020) (stacking convictions resulted in a mandatory minimum of 85 years); *United States v. Maumau*, No. 2:08-CR-00758-TC-11, 2020 WL 806121 (D. Utah Feb. 18, 2020) (stacking convictions resulted in a mandatory

minimum of 57 years). Cribbs' sentence is easily distinguishable because his sentence did not involve the "stacking" provision in 18 U.S.C § 924(c).  Moreover, the mandatory minimum in this case was 10 years.  In the Court's view, the length of Cribbs' sentence does not amount to an extraordinary and compelling reason under 18 U.S.C. § 3582(c)(1)(A)(i).

Even if Cribbs had shown an extraordinary and compelling reason, the Court finds that a sentence reduction is not justified based on the sentencing factors set forth in 18 U.S.C. § 3553(a). Cribbs, who is only 28 years old, has an extensive criminal history.  He was the leader of a large drug conspiracy that transported methamphetamine from New Mexico and Arizona to Michigan.

Once arrested and while detained, Cribbs became hostile towards jail employees and other incarcerated persons.  (ECF No. 179 at PageID.1428-1430.)  The presentence report details nine separate incidents in which Cribbs: insulted and threatened jail staff, assaulted other inmates, encouraged other inmates to riot, sexually harassed female staff, physically resisted officers, and threatened to spit on staff. (*Id.*)

After Cribbs pled guilty, the Court sentenced Cribbs to 300 months in prison, which was below his Guidelines range of 360 to life.  Cribbs has served only 24 months of his sentence.  (ECF No. 250 at PageID.1824.)  The 300-month sentence accounted for several of the § 3553(a) factors, including the nature of the offense, the need to deter Cribbs, the need to deter others, and the need to promote respect for law. These same factors weigh heavily against granting Cribbs a sentence reduction.

**Accordingly, IT IS HEREBY ORDERED** that Cribbs' motion to reduce sentence (ECF No. 250) is **DENIED**.

Dated: November 16, 2020                                         /s/ Gordon J. Quist
                                                                          GORDON J. QUIST
                                                                   UNITED STATES DISTRICT JUDGE