# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Deborah S. Hunt
Clerk

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: April 21, 2022

Mr. Corey James Cribbs II
FCI Pollock
P.O. Box 4050
Pollock, LA 71467

Ms. Valarie Linnen
Law Office of Valarie Linnen
P.O. Box 200
Chippewa Lake, MI 49320

Mr. Vito Salvatore Solitro
Office of the U.S. Attorney
Department of Justice
P.O. Box 208
Grand Rapids, MI 49501

Re: Case No. 19-2078, *USA v. Corey Cribbs, II*
Originating Case No. : 1:18-cr-00060-1

Dear Sir or Madam,

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/C. Anthony Milton
Case Manager
Direct Dial No. 513-564-7026

cc: Mr. Thomas Dorwin

Enclosure

Mandate to issue

<u>NOT RECOMMENDED FOR PUBLICATION</u>

No. 19-2078

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

```
                                              FILED
                                           Apr 21, 2022
                                        DEBORAH S. HUNT, Clerk
```

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|    Plaintiff-Appellee, | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR |
| | ) THE WESTERN DISTRICT OF |
| COREY JAMES CRIBBS II, aka Akil McKinney, | ) MICHIGAN |
| | ) |
|    Defendant-Appellant. | ) |

<u>O R D E R</u>

Before: GILMAN, KETHLEDGE, and MURPHY, Circuit Judges.

    Corey James Cribbs II appeals the district court's judgment following his guilty plea to conspiracy to distribute and possess with intent to distribute methamphetamine. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

    Cribbs entered an agreement to plead guilty to one count of conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(viii). Cribbs's plea agreement contained an appeal-waiver provision in which he agreed to waive an appeal of his conviction and sentence, with the following exceptions: to appeal a sentence that exceeded the statutory maximum; to appeal a sentence based on an unconstitutional factor; to argue that his guilty plea was involuntary; to argue that he received ineffective assistance of counsel; or to appeal preserved objections at sentencing regarding the determination of his guidelines range. Following a hearing before a magistrate judge, Cribbs entered a guilty plea. The magistrate judge recommended that the district court accept the plea, which the court did, absent objections.

No. 19-2078
- 2 -

A presentence report calculated Cribbs's guideline sentence as life in prison but recommended a downward variance to 480 months' imprisonment. He was also determined to be a career offender. Cribbs filed objections to the report's failure to recommend a three-level reduction for the acceptance of responsibility, to an enhancement for possession of a dangerous weapon, to an enhancement for acting as an organizer or leader of the conspiracy, and to an aggravating-role enhancement.

At sentencing, the district court sustained the objections relating to the acceptance of responsibility and the enhancement for the dangerous weapon; the court overruled the remaining objections. Based on the new calculation, the district court determined that the advisory guidelines range was 360 months to life imprisonment. Cribbs requested a downward variance, which the district court granted. The district court imposed a term of imprisonment of 300 months, to be followed by 10 years of supervised release.

On appeal, appointed counsel has filed a motion to withdraw, pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), notifying this court of a lack of good faith issues to appeal. Counsel asserts that, as a result of the appeal waiver contained in Cribbs's plea agreement, the preserved objections to the calculation of his sentencing range are the only proper basis for an appeal. And counsel argues that the district court's decision to overrule Cribbs's objections to the leadership and aggravating-role enhancements was supported by substantial evidence. Cribbs has filed a response to counsel's motion that also challenges the district court's decision to overrule his objection to the leadership and aggravating-role enhancements. After an independent examination of the record, pursuant to *Penson v. Ohio*, 488 U.S. 75, 82-83 (1988), counsel's brief and Cribbs's response, we agree that counsel's motion to withdraw should be granted because no grounds for appeal can be sustained.

First, although counsel did not address the issue, Cribbs's plea agreement also preserved his right to argue that his plea was involuntary. But the record reveals no non-frivolous issue that could be raised in connection with Cribbs's guilty plea. A plea of guilty is constitutionally valid if it is "voluntary" and "intelligent." *See Brady v. United States*, 397 U.S. 742, 748 (1970). Determining whether a plea was made voluntarily requires an evaluation of all "the relevant

circumstances surrounding" the plea. *Id.* at 749.  Additionally, when a defendant enters a guilty plea, he waives his right to appeal any constitutional violations that may have occurred prior to the plea; on appeal, he may challenge only the voluntary nature of the plea.  *See United States v. Kirksey*, 118 F.3d 1113, 1115 (6th Cir. 1997) (citing *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)).

At Cribbs's plea hearing, the magistrate judge first questioned him as to whether there was anything physically or mentally wrong with him that would affect his ability to think clearly. Cribbs averred that he was not taking any medication, had not ingested drugs or alcohol in the last 24 hours, graduated from the eighth grade, and could read and write English.  Counsel indicated that he believed Cribbs was competent to enter a plea.  Cribbs also consented to having his plea heard by a magistrate judge.  The magistrate judge then informed Cribbs that it was Cribbs's decision alone whether to plead guilty, that he had a right to have counsel represent him, and that he had a right to remain silent that he would be giving up by agreeing to plead guilty.  Cribbs stated that he understood those rights.

Cribbs was then placed under oath.  He confirmed that he had received a copy of the indictment, and the magistrate judge explained the nature of the charge and its elements.  The magistrate judge also informed Cribbs that, in a drug charge, the penalty is affected by whether the person had a prior conviction for a felony drug offense, which the government had alleged in this case.  The magistrate judge then informed Cribbs, with his prior conviction, what the maximum and minimum penalties were for the charge to which he was pleading guilty.  The magistrate judge also explained the Sentencing Guidelines and how Cribbs's guidelines range of imprisonment would be calculated.  The magistrate judge noted that the range would be presented in a presentence report that Cribbs would receive and to which he could object.  The magistrate judge informed Cribbs that the court was not required to sentence him within the calculated range, but could impose a sentence above or below it, and that if Cribbs received a sentence above the range it would not be a basis for withdrawing his plea.  The magistrate judge also advised Cribbs that he would be subject to a term of supervised release after he served the imposed term of incarceration.

The magistrate judge informed Cribbs that the charge to which he was pleading was a felony and that, as a result, he would lose certain civil rights.  The magistrate judge next informed Cribbs of the rights attendant to a jury trial that he would be giving up by pleading guilty, including to be presumed innocent, to have his guilt proven beyond a reasonable doubt, to subpoena witnesses and present evidence, and to choose to testify or to persist in his right to remain silent.  Cribbs stated that he had not been threatened and had not been promised anything other than what was contained in his plea agreement in exchange for his plea.  Rather, he stated that the decision was his own, it was voluntary, and that he had enough time to think about his decision and discuss it with counsel.

The magistrate judge then reviewed the plea agreement with Cribbs.  Cribbs affirmed that he had read it, he understood its terms, he discussed it with counsel, and he signed it.  The magistrate judge next reviewed each paragraph of the plea agreement, including the promises made by the government, Cribbs's promise to cooperate with the possibility that the government might move to reduce his sentence, and the rights—including an appeal—that Cribbs was waiving.

The magistrate judge then looked to the plea agreement and the factual basis contained in it and confirmed that Cribbs had read all of the stipulated facts and agreed with them.  Specifically, Cribbs admitted that he was in Arizona in March 2018 and that he participated in placing approximately 15 pounds of methamphetamine in the trunk of a Mercury Milan, with the knowledge that it was methamphetamine and with an agreement with others to transport the methamphetamine to Michigan.  Cribbs acknowledged that he knew the methamphetamine would be sold to other people.  Cribbs also stated that he engaged in these actions voluntarily.

Based on Cribbs's answers to the court's questions, the magistrate judge concluded that Cribbs understood the nature of the charge, his plea was voluntary, he was aware of the consequences of the plea, and the plea had a sufficient factual basis.  The magistrate judge therefore recommended that the district court accept Cribbs's plea, which it subsequently did without objection by Cribbs.  Because Cribbs's statements at the plea hearing demonstrated that he was aware of all the consequences of his plea and he voluntarily pleaded guilty, the validity of the plea cannot be challenged in good faith.

The record also reveals that the waiver contained in Cribbs's plea agreement was valid. "It is well settled that a defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement." *United States v. McGilvery*, 403 F.3d 361, 362 (6th Cir. 2005) (quoting *United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004)). The waiver must be knowing and voluntary, however. *United States v. Fleming*, 239 F.3d 761, 764 (6th Cir. 2001). To ensure the voluntary nature of an appeal waiver, Federal Rule of Criminal Procedure 11(b)(1)(N) requires that, "before a guilty plea is accepted, the court must inform the defendant of, and determine that the defendant understands the terms of any appellate-waiver provision in the plea agreement." *McGilvery*, 403 F.3d at 363. We review de novo whether a defendant knowingly and voluntarily waived his right to appeal. *United States v. Murdock*, 398 F.3d 491, 496 (6th Cir. 2005).

At the plea hearing, the magistrate judge discussed the appellate waiver specifically with Cribbs. First, the magistrate judge explained that Cribbs would normally have the right to appeal. The magistrate judge then noted that Cribbs's plea agreement provided that he would waive his right to appeal his conviction and sentence except to raise certain arguments, including that his sentence exceeded the statutory maximum, it was based on an unconstitutional factor, his guilty plea was involuntary, counsel was ineffective, or that his guidelines range was improperly calculated—but only if he preserved the objections to the calculation at sentencing. Cribbs affirmed that he understood the exceptions to the waiver and that—except for those limited circumstances—he would have no right to appeal. The record therefore demonstrates that Cribbs voluntarily and knowingly executed the waiver of his right to appeal. Further, Cribbs did not receive a sentence above the statutory maximum, his sentence was not based on an unconstitutional factor, his plea was not involuntary, and claims of ineffective assistance are more appropriately raised on collateral review. *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003). Accordingly, Cribbs's challenges to his sentence are limited to the objections he preserved at sentencing, as appellate counsel has asserted. *See United States v. Bradley*, 400 F.3d 459, 465 (6th Cir. 2005).

No. 19-2078
- 6 -

Cribbs cannot raise an arguable issue for appeal that the district court's calculation of his guidelines range resulted in a procedurally unreasonable sentence. A review of procedural reasonableness "includes determining whether the district court properly calculated a defendant's Guidelines range." *United States v. Seymour*, 739 F.3d 923, 929 (6th Cir. 2014) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). With respect to sentencing enhancements, we review the district court's factual findings under the clear-error standard and its legal conclusions de novo. *United States v. Kamper*, 748 F.3d 728, 748 (6th Cir. 2014) (citing *United States v. McDaniel*, 398 F.3d 540, 551 n.10 (6th Cir. 2005)). "Under the clear-error standard, we abide by the [district] court's findings of fact unless the record leaves us with the definite and firm conviction that a mistake has been committed." *United States v. Sexton*, 894 F.3d 787, 794 (6th Cir. 2018) (quoting *United States v. House*, 872 F.3d 748, 751 (6th Cir. 2017)).

First, Cribbs objected to a four-level enhancement under USSG § 3B1.1(a) that he received for being an organizer or leader of the conspiracy. To determine whether someone is an organizer or leader, the Sentencing Guidelines direct a court to consider the following: decision-making authority, degree of participation in the planning and commission of the offense, the recruitment of accomplices, the defendant's "share of the fruits of the crime," the scope of the illegal activity, and the degree of control and authority exercised over others. USSG § 3B1.1, comment. (n.4). "A district court need not find each factor in order to warrant an enhancement." *United States v. Castilla-Lugo*, 699 F.3d 454, 460 (6th Cir. 2012).

The district court did not err by overruling Cribbs's objection to the application of this enhancement. The district court determined that Cribbs was an organizer or leader because he recruited others and he directed the driver of the vehicle to watch for police and what to do if stopped by authorities. The district court also noted that Cribbs was making $15,000 per week, which indicated that he was not just a "mule," unlike another codefendant who made only $1,500 for a whole trip out to Arizona. The district court explained that the fact that Cribbs was making that much money and had such a large amount of methamphetamine under his control from Arizona all the way back to Michigan demonstrated that he was a leader of the conspiracy. We see no good faith argument that the district court clearly erred in its determination.

Cribbs also objected to a two-level enhancement for use of "friendship, affection, or some combination thereof" to involve another person in the conspiracy. USSG § 2D1.1(b)(16)(A). No clear error is apparent in the district court's application of this enhancement. The district court found that Cribbs's use of romantic affection induced Tajia Naque-Magnolia Perez to join the conspiracy. Although Cribbs was engaged to another woman, he maintained a relationship with Perez, they traveled together, they checked into a hotel together, and he took care of her when she was sick. Cribbs even acknowledged that Perez went with him to Arizona because she was his girlfriend at the time. But Perez also participated in the transport of the drugs back to Michigan and was convicted of possessing with intent to deliver methamphetamine, as well as interstate travel in aid of racketeering. *United States v. Perez*, No. 1:18-cr-60-05 (W.D. Mich. Mar. 14, 2019). No arguable issue could therefore be raised on appeal that the application of this enhancement was in error, and the district court's calculation of Cribbs's guidelines range was not procedurally unreasonable.

Because no arguable issue can be raised on appeal, counsel's motion to withdraw is **GRANTED**. The judgment of the district court is **AFFIRMED**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk