UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

COREY JAMES CRIBBS, II,

    Defendant.
_____/

CASE No. 1:18-cr-60

HON. ROBERT J. JONKER

**ORDER**

    Defendant moves for a reduced sentence under Guideline Amendment 821 and the recent decision of the United States Sentencing Commission to give retroactive effect to the amendment. For the reasons that follow, the Court determines Defendant is ineligible for a reduced sentence and denies the motion.

    Defendant Cribbs pled guilty to Count 1 of a Superseding Indictment charging Conspiracy to Distribute and Possess with Intent to Distribute More than 50 Grams of Methamphetamine. Under the version of the sentencing guidelines in effect at the time of his sentencing, Defendant's final offense level was determined to be 41. Defendant further scored 12 criminal history points. This score corresponded to a criminal history category of V. Since the Defendant was also determined to be a career offender, however, his criminal history category was required to be VI. (PSR ¶ 89). At LO 41 and CHC VI, Defendant's final guideline range was 360 - Life.[1] He was sentenced on March 12, 2019, to a term of custody of 300 months. According to the Bureau of Prisons website, his estimated release date is July 22, 2039.

---

[1] The same guideline range would apply even if Defendant were not a Career Offender because the range for LO 41 and CHC V is still 360 months to Life.

On February 26, 2024, Defendant filed a motion for a reduced sentence under 18 U.S.C. § 3582(c)(2) and Guideline Amendment 821. That amendment, now codified in the 2023 version of the Sentencing Guidelines, contains two retroactive provisions. Part A of Amendment 821 decreases "status points" by one point for defendants with seven or more criminal history points and eliminates "status points" for defendants with six or fewer criminal history points. "Status points" are those points that were applied under then United States Sentencing Guideline (U.S.S.G.) § 4A1.1(d) if the defendant committed his or her federal offense while on probation, parole, supervised release, imprisonment, work release, or escape status. Part B of Amendment 821 provides for a decrease of two offense levels for "zero-point offenders" (no criminal history points), whose offense did not involve specific aggravating factors. These changes are retroactive as of November 1, 2023.

Under 18 U.S.C. § 3582(c)(2), a defendant's sentence may only be reduced when the defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Moreover, under the statute a reduction is only allowed when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." The policy statement at U.S.S.G. § 1B1.10(a)(1) further conditions eligibility for a reduced sentence in cases "in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guideline's Manual[.]" The application note to that section goes on to make clear that "[e]ligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment . . . that lowers the applicable guideline range." *Id.* at n.1(A). "Accordingly, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if: . . . an

2

amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range[.]" *Id.*

Defendant's motion specifically invokes the retroactive changes to "status points" in Part A of Guideline Amendment 821. He claims he is entitled to a reduced sentence on that basis. Courts in this district have adopted a uniform approach for evaluating sentence reduction motions. Section II.A.5 provides that "[t]he Court may at any time deny the motion if the Court determines the movant is not eligible for relief." The Court determines that Defendant is ineligible for consideration of modification of sentence under 18 U.S.C. § 3582(c)(2) and taking into account the policy statement set forth at U.S.S.G. § 1B1.10 because Defendant did not receive any status points. (*See* PSR ¶¶ 87-89).

Additionally, Defendant is a career offender, which placed him at category VI. Even if Defendant had received status points, the amended guidelines concerning status points do not affect the calculation of his sentence. *See United States v. Hamilton*, No. CR 11-10133-FDS, 2023 WL 8880344, at *1 (D. Mass. Dec. 22, 2023) (career offender ineligible for reduced sentence under Guideline Amendment 821); *Razo v. United States*, No. 1:11-CR-00184-JAW-1, 2023 WL 8890804, at *2 (D. Me. Dec. 26, 2023) (same); *United States v. Shaw*, No. 05-20073-JWL, 2023 WL 8234308, at *1 (D. Kan. Nov. 28, 2023) (same). Accordingly, Defendant is not eligible for a reduced sentence because the guideline calculation has not changed.

**ACCORDINGLY, IT IS ORDERED** that Defendant's motion for modification or reduction of sentence under Guideline Amendment 821 (ECF No. 291) is **DENIED.**

Dated: March 6, 2024  /s/ Robert J. Jonker
ROBERT J. JONKER
UNITED STATES DISTRICT JUDGE

3